## CLARK v. ROLLER.

APPEAL AND ERROR; CORRECTION OF RECORD.

1. Where a decree in an equity suit was reversed and the cause remanded for proceedings in the lower court not inconsistent with the opinion of this court, and in that opinion one of two courses was indicated as open to the complainants,—one of which was the retention of the cause in order to give them opportunity to establish their title at law, and the other was the dismissal of their bill without prejudice,—and they elected not to ask a stay of proceedings, and appealed from a decree then passed dismissing the bill, for the purpose of taking the case to the United States Supreme Court, it was *held* that they were within their rights, and a motion to dismiss the appeal was denied, but certain portions of the transcript not having been incorporated in the transcript presented on the original appeal, were stricken out.

2. A suggestion of diminution of the record, as well as a motion to strike out part of the record, cannot be entertained where it is not sworn to and fails to point out the defects of the record with the particularity as required by rule 14 of this court.

No. 1408. Submitted April 15, 1904. Decided April 19, 1904.

HEARING on a motion by the appellee to dismiss or affirm a decree of the Supreme Court of the District of Columbia embodying a suggestion of diminution of the record; and a motion to strike out part of the same. *Denied.*

The facts are sufficiently stated in the opinion.

*Mr. John E. Roller* and *Mr. D. S. Mackall* for the motion.

*Mr. Leo Simmons* opposed.

Mr. Justice SHEPARD delivered the opinion of the Court:

The appellee has filed a motion to dismiss the appeal or affirm the decree, embodying therein a suggestion of the diminution of the record and a motion to strike out a part of the same.

This case was before us at the April term, 1902, upon an appeal taken by the present appellee. The decree appealed from by him was then reversed and the cause remanded for further proceedings not inconsistent with the opinion then delivered, in which one of two courses was indicated as left open to the complainants. One of these was leave to retain the bill for a reasonable time within which to give the complainants opportunity to establish their title at law; the other was to dismiss the bill without prejudice, leaving all parties free to pursue such remedies for the protection of their interests as they might be advised.

The cause having been remanded, the plaintiff, on November 27, 1903, filed a paper therein entitled "Election, Parties in Record, etc." This paper, whilst ambiguous, may be regarded substantially as an election not to ask for a stay of proceedings pending an action at law. Other recitals therein may be treated as mere surplusage.

The court thereupon entered a final decree, dismissing the bill without prejudice.

The appellants had a right to appeal from that decree, and their purpose, no doubt, is to take the case to the Supreme Court of the United States to obtain a review of the questions decided on the first appeal; and this they probably have the right to do. The motion to dismiss the appeal is therefore overruled.

If convinced that the present record is identical with that before us on the former appeal, save as regards the paper before

referred to, we would grant the motion to affirm, as the decree appealed from was entered in pursuance of the mandate of this court. It would seem from a casual inspection of the record, however, that there have been some papers incorporated in the transcript that were not part of the record on that appeal, and also that some matter has been omitted.

The suggestion of diminution, as well as the motion to strike out, cannot be entertained, because it is not sworn to, and fails to point out the defects in the record with the particularity required in rule XIV.

The motion to dismiss or affirm is therefore *overruled, with costs, without prejudice to the right of the appellee to make a proper motion to correct the record in compliance with the rule. It is so ordered.*

On May 10, 1904, the appellee filed a motion to correct the record and affirm the decree, and on May 24, 1904, the motion was granted, Mr. Justice SHEPARD delivering the opinion of the Court:

A former motion to correct the record in this case having been dismissed for its failure to comply with the rule governing in such cases, the present motion has been made in proper form.

As regards the paper described in paragraph 8, the motion is denied, as that paper, whilst informal and probably intended for another purpose, may be accepted as an express declination of the option given in the decree of reversal, the failure to accept which necessitated the dismissal of the complainant's bill in compliance with the mandate of this court.

In respect of the parts of the transcript specified in paragraphs 1 to 7, inclusive, the motion will be sustained, because, not having been incorporated in the transcript presented in the original appeal by the appellants, they cannot now be introduced in an attempt to obtain a review of the decree then rendered.

So the record, amended in the respects mentioned, is the same before passed upon, and as the final decree now appealed from

was entered in direct accord with the mandate of this court, the motion to affirm will also be granted.

The decree is therefore affirmed with costs.   *Motion granted and decree affirmed.*